Mr. Justice ThacheR
delivered the opinion of the court.
Hector McNeill’s administrator filed his bill in the vice-chancery court of the northern district, for the specific recovery of two slaves, Abel and Columbia, and six children, their issue, charged to appertain to the estate of said Hector McNeill. The bill charges that Hector always claimed the slaves as his property, paid taxes for them, and exercised acts of ownership over them; that he permitted the female, Columbia, and some of the small children, to remain with the defendant, but that the man and the larger children worked upon his farm. This bill was not filed upon oath.
The answer of Lavisa McNeill, under oath, replies that she is the widow of John McNeill, who died in North Carolina in 1840, and that she removed to this state shortly after that event in 1841. It denies the material charges of the bill, that Hector either had or claimed any right to the slaves. It alleges that Columbia was purchased for her twenty years ago, and Abel some seventeen years ago, both for her separate use and benefit. It likewise alleges, that Hector never had possession of any of the slaves until after her arrival in this state, and then only by her permission, and as compensation for advances and expenses made upon her behalf.
On the part of the complainant, the strongest-feature in support of his bill are certain admissions alleged to have been made by the defendant as to Hector McNeill’s title to the slaves. But it appears that these admissions were made just after his death, and at a period when the defendant was troubled and distressed about the property; and it is clear from other testimony, that they were not made with a conviction of their truth. Admissions may be the best or the weakest evidence according to their attendant circumstances. The truth of the case, as gathered *362 from all the testimony, seems to be, that the slaves were purchased by the money of the defendant’s husband when he was in embarrassed circumstances, and every effort was made to seclude them from his creditors. It is certain that Hector never had them in possession for a great length of time after this purchase, and not at all until after the defendant’s removal to this state. It is by no means proved, that he asserted a title to them during his lifetime. The testimony of Mrs. Sarah Sinclair discloses most probably the true state of the title to the negroes. She declares that the defendant had told her that the slaves were called Hector’s, in order to screen them from her husband’s creditors. Her testimony also tends to weaken the credibility of one of the complainant’s witnesses as to the admissions of the defendant respecting the slaves.
Mrs. Sinclair is a daughter of the defendant, but she is a fully competent witness to testify in the behalf of her mother, during her mother’s lifetime.
All the charges of the bill not sworn to are denied upon oath, and the preponderance of the testimony, however it may affect the defendant’s title, certainly is strongly against the title of the complainant’s intestate; and nothing was left to the vice-chancellor iii such a state of case but to dismiss the bill.
Decree affirmed.